IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONTAIE ANDERSON,<br><br>    *Petitioner*,<br><br>  v.<br><br>DISTRICT ATTORNEY OF LEHIGH COUNTY, et al.<br>    *Respondents*. | CIVIL ACTION<br>NO. 20-04170 |

**Pappert, J.**                               January 4, 2021

## Memorandum

  Anderson, a pretrial detainee at Lehigh County Jail, petitions the Court for writ of habeas corpus under 28 U.S.C. § 2241. (ECF Nos. 1, 7.) He alleges that his confinement is cruel and unusual in violation of due process and the Eighth Amendment, that continued confinement will recklessly endanger him and cause irreparable harm, that monetary bail for the poor violates due process and the Equal Protection Clause and that Respondents have been deliberately indifferent in rejecting his claims for relief. (Amended Petition for Writ of Habeas Corpus 3–6, ECF No. 7.) Anderson also alleged in his first habeas petition that he had been denied a speedy trial and that the state court had ordered excessive bail. (Petition for Writ of Habeas Corpus 2–4, ECF No. 1.)

  District courts have jurisdiction to grant the writ to state detainees "before a judgment is rendered in a state criminal proceeding." *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975). But, absent extraordinary circumstances, petitioners must exhaust state remedies before petitioning a federal court for relief. *Duran v. Thomas*, 393 F.

1

App'x 3, 4 (3d Cir. 2010) (citing *Moore*, 515 F.2d at 443). To exhaust, a petitioner must give the state courts an opportunity to review his allegations before seeking relief in the federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*citing Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Anderson alleges that he filed a state habeas petition on April 23, 2020 alleging that his confinement is cruel and unusual in violation of due process and the Eighth Amendment. (Amended Habeas Petition at 4.) He also sought reconsideration of his bail amount three times and filed a grievance regarding his confinement conditions on September 11, 2020. (*Id.*) The state courts denied each request or petition. (*Id.*) He further claims that he presented his claim that continued confinement will recklessly endanger him and cause irreparable harm to unspecified courts. (*Id.* at 5.) Finally, he contends that he presented his claim that monetary bail for the poor violates due process and the Equal Protection Clause to the Court of Common Pleas. (*Id.* at 6.)

     Even if the Court assumes Anderson presented each claim in his habeas petition to the Court of Common Pleas, he fails to allege that he fully exhausted his state remedies before coming to federal court. If the Court of Common Pleas denied his claims, he had to present any appellate claims to the Superior Court to exhaust his state remedies. *Robertson v. Klem*, 580 F.3d 159, 164 n.3 (3d Cir. 2009). Once the Superior Court concludes its review, Anderson may choose to seek review in the Pennsylvania Supreme Court, or he may file his habeas petition in this court.

     Anderson also fails to establish extraordinary circumstances justifying his failure to exhaust. Instead, like in *Moore*, Anderson "attempt[s] to litigate constitutional defenses prematurely in federal court." *Moore*, 515 F.2d at 445; *see*

*Duran*, 393 F. App'x at 4–5 (summarily affirming dismissal of habeas petition because petitioner had "not exhausted his state remedies and he alleged nothing in his petition to suggest that his warrantless arrest was unique").

Anderson's Motion for Emergency Bail, (ECF No. 10), suffers from the same shortcomings. Construed as part of his § 2241 petition, Anderson fails to show that he exhausted state remedies or that extraordinary circumstances justify an exception to that requirement. *See Moore*, 515 F.2d at 447 n.12 (no extraordinary circumstances where petitioner failed to show "delay, harassment, bad faith or other intentional activity" by the state). Before he can seek relief in federal court under § 2241, Anderson must exhaust all state remedies or establish extraordinary circumstances justifying an exception to the exhaustion requirement.

An appropriate Order follows.

BY THE COURT:

  */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.